**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JAMES JOHNSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case: 1:23-cv-03528** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **SCRUB, LLC,** | ) | |
| | ) | **Jury Trial Demanded** |
| **Defendant.** | ) | |
| | ) | |

## COMPLAINT

Plaintiff, James Johnson ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Scrub, LLC ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Civil Rights Act of 1964, as amended, 42 U.S.C. §1981, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII"), and the Illinois Human Rights Act (775 ILCS 5/) ("IHRA") seeking redress for Defendants discrimination, harassment, and retaliation on the basis of Plaintiff's race and color.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is action is authorized and instituted pursuant to 42 U.S.C. §1981, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII"), and the Illinois Human Rights Act (775 ILCS 5/) ("IHRA")

3. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in

this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

**ADMINISTRATIVE PREREQUISITES**

4. All conditions precedent have been fulfilled or been complied with.

5. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Rights (attached hereto as Exhibit "A").

6. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B").

7. This Complaint has been filed within ninety (90) days of Plaintiff's receipt of the EEOC's Dismissal and Notice of Right to Sue.

**THE PARTIES**

8. At all times material to the allegations of this Complaint, Plaintiff, James Johnson resided in Cook County, Illinois.

9. At all times material to the allegations in this Complaint, Defendant, Scrub, LLC was a limited liability company doing business in and for Cook County, Illinois, whose address is 6033 Milwaukee Avenue, Chicago, IL 60646.

10. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

11. During the applicable limitations period, Defendant had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. §2000e(b).

**BACKGROUND FACTS**

12. Plaintiff worked for Defendant as a cabin cleaner from June 14, 2022 until his

unlawful termination on or around August 1, 2022.

13. Plaintiff met or exceeded Defendant's performance expectations during the entire duration of his employment.

14. Plaintiff is African American and is a member of a protected class because of his race and his color ( black).

15. Since at least July 1, 2022 through August 1, 2022 Defendant has subjected Plaintiff to different terms and conditions of employment than others not within his protected class and has been subjected to a hostile work environment on the basis of his race and color, violating §1981 and Title VII.

16. On or around July 1, 2022, Plaintiff's supervisor, referred to Plaintiff as a "stupid ni**er" and "stupid motherfucker."

17. Plaintiff was extremely offended as a result of his supervisor calling him a racial slur and engaged in a protected activity by reporting his supervisor to Defendant's Human Resources ("HR") Department representative.

18. In addition to verbally reporting the race-based and color-based harassment, Plaintiff also provided the HR representative with a written statement regarding the incidents.

19. Upon information and belief, Defendant failed to investigate Plaintiff's report or take remedial action to prevent further race-based and color-based harassment of Plaintiff.

20. Following Plaintiff's report to HR, Plaintiff's Supervisor began to retaliate against Plaintiff.

21. The retaliation perpetrated by the Supervisor against Plaintiff includes ignoring Plaintiff when he tried to speak with her regarding work, refusing to answer Plaintiff's questions, and refusing to give Plaintiff information necessary to perform his job duties.

22. Plaintiff felt uncomfortable and singled out on account of his race and color (African American, black) while at work.

23. On or around July 22, 2022, Plaintiff again exercised his protected rights and reported his Supervisor to Defendant's HR Department.

24. HR informed Plaintiff that Defendant would "investigate" and to "please hand in your [Plaintiff's] ID."

25. HR also ordered Plaintiff sent home on unpaid leave until the situation was "investigated."

26. Other similarly situated employees (non-African American, non-black) were not subject to the same treatment as Plaintiff.

27. On or around August 1, 2022, Plaintiff inquired as to the status of the investigation and HR informed Plaintiff, "You can no longer work for the company."

28. Ultimately, Plaintiff's employment was terminated on or around August 1, 2022 on account of his race (African American) and his color (black).

29. Plaintiff engaged in a protected activity when he reported race-based and color-based harassment and discrimination to Defendant's HR Department.

30. Plaintiff was subjected to retaliation for making his complaints to HR in the form of further harassment and discrimination by his supervisor and being terminated.

31. Plaintiff was targeted for termination because of his race, African American, and his color, black.

32. Plaintiff suffered multiple adverse employment actions including, but not limited to being terminated.

33. There is a basis for employer liability for the race-based and color-based

harassment that Plaintiff was subjected to.

34. Plaintiff can show that he engaged in statutorily protected activity –a necessary component of his retaliation claim- because Plaintiff lodged complaints directly to Defendant's HR Department about the harassment and discrimination.

**COUNT I**
**Violation of 42 U.S.C. §1981**
**(Race-Based Discrimination)**

35. Plaintiff repeats and re-alleges paragraphs 1-34 as if fully stated herein.

36. Section 1977 of the Revised Statutes, 42 U.S.C. §1981, as amended, guarantees persons of all races, colors, and national origin the same right to make and enforce contracts, regardless of race, color, or national origin. The term "make and enforce" contracts includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

37. Defendant's conduct against Plaintiff amounts to a pattern or practice of systemic race discrimination that constitutes illegal, intentional race discrimination in violation of 42 U.S.C. §1981.

38. Plaintiff was subjected to and harmed by Defendant's systemic and individual discrimination.

39. Defendant's unlawful conduct resulted in considerable harm and adverse employment action to Plaintiff and Plaintiff is therefore entitled to all legal and equitable remedies under §1981.

40. As a direct and proximate result of the race-based discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress,

humiliation, and loss of enjoyment of life.

**COUNT II**
**Violation of 42 U.S.C. §1981**
**(Color-Based Discrimination)**

41. Plaintiff repeats and re-alleges paragraphs 1-34 as if fully stated herein.

42. Section 1977 of the Revised Statutes, 42 U.S.C. §1981, as amended, guarantees persons of all races, colors, and national origin the same right to make and enforce contracts, regardless of race, color, or national origin. The term "make and enforce" contracts includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

43. Defendant's conduct against Plaintiff amounts to a pattern or practice of systemic race discrimination that constitutes illegal, intentional color-based discrimination in violation of 42 U.S.C. §1981.

44. Plaintiff was subjected to and harmed by Defendant's systemic and individual discrimination.

45. Defendant's unlawful conduct resulted in considerable harm and adverse employment action to Plaintiff and Plaintiff is therefore entitled to all legal and equitable remedies under §1981.

46. As a direct and proximate result of the color-based discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT III**
**Violation of Title VII of the Civil Rights Act of 1964**
**(Race-Based Discrimination)**

47. Plaintiff repeats and re-alleges paragraphs 1-34 as if fully stated herein.

48. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's race, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

49. Plaintiff is a member of a protected class under Title VII, due to Plaintiff's race.

50. Plaintiff met or exceeded performance expectations.

51. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

52. Defendant terminated Plaintiff's employment on the basis of Plaintiff's race.

53. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

54. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT IV**
**Violation of Title VII of the Civil Rights Act of 1964**
**(Race-Based Harassment)**

55. Plaintiff repeats and re-alleges paragraphs 1-34 as if fully stated herein.

56. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to race-based harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

57. Defendant knew or should have known of the harassment.

58. The race-based harassment was severe or pervasive.

59. The race-based harassment was offensive subjectively and objectively.

60. The race-based harassment was unwelcomed.

61. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.* due to Plaintiff's race, African-American.

62. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

63. As a direct and proximate result of the race-based harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**<u>COUNT V</u>**
**Violation of Title VII of the Civil Rights Act of 1964**
**(Color-Based Discrimination)**

64. Plaintiff repeats and re-alleges paragraphs 1-34 as if fully stated herein.

65. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's color, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

66. Plaintiff is a member of a protected class under Title VII, due to Plaintiff's color, black.

67. Plaintiff met or exceeded performance expectations.

68. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

69. Defendant terminated Plaintiff's employment on the basis of Plaintiff's color.

70. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

71. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT VI**
**Violation of Title VII of the Civil Rights Act of 1964**
**(Color-Based Harassment)**

72. Plaintiff repeats and re-alleges paragraphs 1-34 as if fully stated herein.

73. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to color-based harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

74. Defendant knew or should have known of the harassment.

75. The color-based harassment was severe or pervasive.

76. The color-based harassment was offensive subjectively and objectively.

77. The color-based harassment was unwelcomed.

78. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.* due to Plaintiff's color, black.

79. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

80. As a direct and proximate result of the race-based harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress,

humiliation, and loss of enjoyment of life.

**COUNT VII**
**Violation of the Illinois Human Rights Act (775 ILCS 5/)**
**(Race-Based Discrimination)**

81. Plaintiff repeats and re-alleges paragraphs 1-34 as if fully stated herein.

82. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's race, in violation of the Illinois Human Rights Act, (775 ILCS 5/) ("IHRA").

83. Plaintiff met or exceeded performance expectations.

84. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

85. Defendant terminated Plaintiff's employment on the basis of Plaintiff's race.

86. Plaintiff is a member of a protected class under the IHRA due to Plaintiff's race.

87. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

88. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT VIII**
**Violation of the Illinois Human Rights Act, (775 ILCS 5/)**
**(Race-Based Harassment)**

89. Plaintiff repeats and re-alleges paragraphs 1-34 as if fully stated herein.

90. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to race-based harassment, in violation of the Illinois

Human Rights Act (775 ILCS 5/).

91. Defendant knew or should have known of the harassment.

92. The race-based harassment was severe or pervasive.

93. The race-based harassment was offensive subjectively and objectively.

94. The race-based harassment was unwelcomed.

95. Plaintiff is a member of a protected class under the Illinois Human Rights Act (775 ILCS 5/) due to Plaintiff's race, African-American.

96. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

97. As a direct and proximate result of the race-based harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT IX**
**Violation of the Illinois Human Rights Act (775 ILCS 5/)**
**(Color-Based Discrimination)**

98. Plaintiff repeats and re-alleges paragraphs 1-34 as if fully stated herein.

99. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's color, in violation of the Illinois Human Rights Act, (775 ILCS 5/) ("IHRA").

100. Plaintiff met or exceeded performance expectations.

101. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

102. Defendant terminated Plaintiff's employment on the basis of Plaintiff's color.

103. Plaintiff is a member of a protected class under the IHRA due to Plaintiff's color, black.

104. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

105. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT X**
**Violation of the Illinois Human Rights Act, (775 ILCS 5/)**
**(Color-Based Harassment)**

106. Plaintiff repeats and re-alleges paragraphs 1-34 as if fully stated herein.

107. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to color-based harassment, in violation of the Illinois Human Rights Act (775 ILCS 5/).

108. Defendant knew or should have known of the harassment.

109. The color-based harassment was severe or pervasive.

110. The color-based harassment was offensive subjectively and objectively.

111. The color-based harassment was unwelcomed.

112. Plaintiff is a member of a protected class under the Illinois Human Rights Act (775 ILCS 5/) due to Plaintiff's color, black.

113. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

114. As a direct and proximate result of the color-based harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other

employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT XI**
**Violation of Title VII of the Civil Rights Act of 1964**
**(Retaliation)**

115. Plaintiff repeats and re-alleges paragraphs 1-34 as if fully stated herein.

116. Plaintiff is a member of a protected class under 42 U.S.C. §2000e, *et seq.* on account of his race, African American, and his color, black.

117. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about conduct that constituted race-based and color-based discrimination and/or harassment.

118. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*

119. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough, and objective investigation of Plaintiff's complaint of race-based and color-based discrimination and/or harassment.

120. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

121. Plaintiff's suffered adverse employment action in retaliation for engaging in protected activity.

122. By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff's reporting the race-based and color-based discrimination and/or harassment, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*

123. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

124. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation, including mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT XII**
**Violation of the Illinois Human Rights Act, (775 ILCS 5/) ("IHRA)**
**(Retaliation)**

125. Plaintiff repeats and re-alleges paragraphs 1-34 as if fully stated herein.

126. Plaintiff is a member of a protected class under 775 ILCS 5/.

127. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about conduct that constituted race-based and color-based discrimination and/or harassment.

128. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under the Illinois Human Rights Act, (775 ILCS 5/).

129. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough, and objective investigation of Plaintiff's complaint of race-based and color-based discrimination and/or harassment.

130. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

131. Plaintiff's suffered adverse employment action in retaliation for engaging in protected activity.

132. By virtue of the foregoing, Defendant retaliated against Plaintiff based on

Plaintiff's reporting the race-based and color-based discrimination and/or harassment, thereby violating the Illinois Human Rights Act (775 ILCS 5/).

133. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of the IHRA.

134. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation, including mental anguish, distress, humiliation, and loss of enjoyment of life.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court find in Plaintiff's favor and against Defendant as follows:

a. Enter an order finding that Defendant willfully discriminated against Plaintiff in violation of Title VII of the Civil Rights Act, Section 1981, and the Illinois Human Rights Act on the bases of Plaintiff's race and/or color, and award the following;

b. Back pay with interest;

c. Compensatory and punitive damages;

d. Reasonable attorneys' fees and costs;

e. Award pre-judgment interest if applicable; and

f. Award Plaintiff any and all other such relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 5th day of June, 2023.

**/s/ *Nathan C. Volheim***
**NATHAN C. VOLHEIM, ESQ.**
IL Bar No.: 6302103
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 568-3056
Fax (630) 575 - 8188
nvolheim@sulaimanlaw.com
*Attorney for Plaintiff*